# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL DINARDO,**

      Petitioner,

v.                                            Civil Action No. 3:07cv172
                                                  (Judge Bailey)

**WAYNE A. PHILLIPS, Warden,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

On December 31, 2007, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, in which he asserts that he is unlawfully being denied transfer to a Residential Release Center ("RRC" or "half-way house") for the last six months of his term of imprisonment. The petitioner paid the required filing fee on January 15, 2008.

On January 29, 2008, the undersigned conducted a preliminary review of the petition and determined that summary dismissal is not warranted at that time. Consequently, the respondent was directed to show cause why the petition should not be granted. The respondent filed a Motion to Dismiss on February 28, 2008, arguing that this matter is not yet ripe for adjudication. After the issuance of a Roseboro Notice, the petitioner filed a response to the respondent's motion on March 28, 2008. This matter is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09.

### I. Factual and Procedural History

According to the parties, the petitioner was sentenced by the United States District Court for

1

the District of Connecticut to a 21 month term of imprisonment on September 21, 2007. The petitioner arrived at FCI-Morgantown on October 21, 2007, and has a projected release date of April 19, 2009, assuming good conduct time.

Pursuant to Program Statement 7310.04, an inmate's eligibility for halfway house placement is not determined until 11 to 13 months before the inmate's projected release date. Accordingly, the petitioner has not yet been considered for halfway house placement. See dckt. 8-2 at Ex. 1, Att. A (Declaration of Lori Lindsay).

## II. Historical Background

Prior to December 2002, the BOP had a policy of placing prisoners in a RRC for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 28 U.S.C. § 3624(c) which, in its opinion limited an inmate's placement in a RRC to the lessor of six months or ten percent of the inmate's sentence. Section 364(c) provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits,

as well as many district courts, [1] found the policy contrary to the plain meaning of 18 U.S.C. § 3624(b) which states:

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in RRCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [RRC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in RRCs prior to the pre-release

---

[1] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato V. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

phase of imprisonment and provides:

> When will the **Bureau designate** inmates to **community** confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added)

It is this regulation which prompts the petitioner's habeas challenge in the instant case.

### III. Analysis

The Supreme Court has recognized that "[t]he ripeness doctrine 'is drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003). "The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." Metzenbaum v. Fed. Energy Regulatory Comm'n, 675 F.2d 1282, 1289-1290 (C.A.D.C. 1982) (citations omitted). The basic rationale of ripeness is

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a two fold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967) (overruled on other grounds).

In this case, the petitioner is anticipating that the BOP will apply 28 C.F.R. § 570.21 in a manner so as to limit his eligibility for placement in a RRC to the last 10% of his sentence. Because at least four Courts of Appeals have found that the BOP regulation limiting a prisoner's placement in a RRC to the lessor of ten percent or six months of his sentence was an improper exercise of the BOP's rulemaking authority, the petitioner seeks a preemptive ruling requiring the BOP to place him in a RRC for the last six months of his sentence.[2]

Relying on the clear weight of authority, this District has likewise concluded that the challenged regulations are invalid. See Smith v. Gutierrez, 2:06cv121 (N.D.W.Va. Sept. 26, 2007) (Maxwell, Sr. J.); Simcoke v. Phillips, 1:07cv77 (N.D.W.Va. Sept. 18, 2007) (Keeley, C. J.); Jaworski v. Gutierrez, 5:06cv157 (N.D.W.Va. Aug. 23, 2007) (Stamp, Sr. J.); Murdock v. Gutierrez, 3:06cv105 (N.D.W.Va. July 24, 2007) (Bailey, J.). However, in doing so, the Court has made clear that such a decision does not entitle any inmate to an Order from this Court directing that he be immediately transferred to a CCC for the last six months of his sentence. Id. In fact, the Court has explicitly noted that the BOP's regulations are invalid only to the extent that an inmate's placement in a RRC is limited to the lessor of 10% of his sentence, or six months, without consideration of the five factors set forth in 18 U.S.C. § 3621(b). Id. Thus, the invalidation of the BOP's regulations merely entitles an inmate to have his CCC placement considered in accordance with the five factors set forth in § 3621(b).

These decisions, however, do not apply to this petitioner because he is not yet near the end of his sentence term. While Congress has mandated RRC placement for federal prisoners, at best,

---

[2] The Fourth Circuit Court of Appeals has not yet ruled on the legality of 28 C.F.R. § 570.21. However, the Tenth, Second, Eighth and Third Circuits have ruled the same improper. See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.2d 71 (2nd Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).

5

that placement is not required until the last six months of incarceration.[3] However, in order to facilitate that placement, under P.S. 7310.04, the BOP considers an inmate for RRC placement when he or she is within eleven to thirteen months of his or her projected release date. Based upon the record now before the Court, the petitioner's Unit Team has made no official recommendation about the length of his RRC placement. Instead, the petitioner was merely given a preliminary or projected date for RRC placement during his initial classification upon his arrival at FCI-Morgantown. Nevertheless, the petitioner has not even been deemed eligible for RRC placement yet. Depending on the circumstances, the petitioner's claim only becomes ripe when his Unit Team assesses his eligibility for RRC placement and completes an official RRC referral form.

If the petitioner's Unit Team recommends RRC placement for the last six months of his term of incarceration, then he will have received the maximum benefit for which 18 U.S.C. § 3621(c) provides, and he will have no need of this Court's intervention. Moreover, considering the recent decisions of this district, and a change in BOP policy, it is unlikely that the petitioner's Unit Team will even rely on 28 C.F.R. § 570.20-21 and recommend a categorical placement in a RRC facility. Rather, it is more likely that the petitioner's Unit Team will review his eligibility for RRC placement based on the five factors set forth in 18 U.S.C. § 3621(c), and the petitioner will then have no need for this Court's intervention.

### IV. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 8) be GRANTED and the petitioner's § 2241 petition be **DENIED** and **dismissed**

---

[3] The statutory mandate for placement of an inmate in pre-release custody is set forth in 18 U.S.C. § 3624(c). Under this provision, petitioner may receive up to a six month stay in a CCC.

**without prejudice.**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable, John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 10, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE