**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**PAUL DINARDO,**

       **Petitioner,**

**v.**                                        **Civil Action No.  3:07CV172
(BAILEY)**

**WAYNE A. PHILLIPS, Warden,**

       **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 11) and the petitioner's corresponding objections (Doc. 13).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived.  **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation that the petitioner objected.  The remaining portions of the report and recommendation to which petitioner did not object will be reviewed for clear error.   As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 11)** should be, and is, **ORDERED ADOPTED**.

Page 1 of  6

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2241 are as follows. On September 21, 2007, the petitioner was sentenced to a 21 month term of incarceration. Pursuant to Bureau of Prisons (BOP) policy, an inmate's Community Correction Center (CCC) referral will not be conducted until approximately 11 to 13 months prior to his projected release date. At present, and assuming good conduct time, petitioner's projected release date is April 19, 2009. As such, the BOP has not yet conducted the petitioner's CCC referral.

On December 31, 2007, the plaintiff filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). In the petition, plaintiff asserts that the BOP improperly capped his recommendation for time spent in CCC in reliance on either an invalidated 2005 BOP regulation or the prior Department of Justice Office of Legal Counsel (OLC) Opinion on which it was based. Subsequently, on February 28, 2008, the respondent filed a Motion to Dismiss (Doc. 8) seeking dismissal on ripeness grounds, as the BOP has not yet conducted the petitioner's CCC recommendation. In addition, the respondent contends that dismissal is warranted because the petitioner failed to exhaust available administrative remedies prior to filing suit. Following the filing of the government's motion, the Court issued a Roseboro Notice (Doc. 9). Thereafter, petitioner filed his Response (Doc. 10) reiterating his position that the 2005 BOP regulation is invalid. Further, petitioner contends that dismissal for failure to exhaust administrative remedies is not warranted because, for the petitioner, pursuing those remedies would be futile.

Upon consideration, the Magistrate Judge found that the petitioner's claim was not yet ripe, as the BOP has yet to conduct the petitioner's CCC referral. As such, the Magistrate Judge recommends that the petition be dismissed without prejudice. In

response, petitioner objects that dismissal on ripeness grounds is not warranted because the 11 to 13 month time frame for CCC recommendations merely represents normal BOP procedure, and therefore, does not prohibit a CCC recommendation from being performed outside of the three month window.

Generally, federal inmates must exhaust their administrative remedies prior to filing a § 2241 petition. *See, e.g., Martinez v. Roberts*, 804 F. 2d 570 (9th Cir. 1996), *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996). In the context of challenging a prisoner's CCC referral, many courts have excused a petitioner's failure to exhaust administrative remedies on futility grounds. *See, e.g., Fagiolo v. Smith*, 236 F. Supp. 589, 590 (noting that "exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding it's interpretation of 18 U.S.C. § 6424(c)"). However, as noted by the respondent in the motion to dismiss and as indicated in the case law, the identified futility in the context of challenging a CCC referral results from the categorical application of 10% cap, which no longer is in use within this District. Despite this fact, the Court views administrative exhaustion as futile in the sense that the petitioner cannot challenge a recommendation that has not yet been made. In addition, the Court finds that the relative length of the administrative process as compared to the remainder of petitioner's term of incarceration serves to support the Court's finding that submission to the administrative process at this time would be futile.

Turning next to the ripeness inquiry, the Court finds petitioner's objection to be misplaced. While it is no doubt true that a policy providing for the BOP to normally conduct an inmates' CCC recommendation 11 to 13 month prior to his release date would allow for

a CCC recommendation to be performed outside of the identified time frame, it does not follow that the petitioner's recommendation was so conducted. However, because much of petitioner's confusion stems from prior BOP policies regarding the designation of CCC, a brief review of that history is in order.

Title 18, United States Code, Section 3621(b) outlines a list of five factors to be considered by the BOP in making a prisoner's CCC determination. *See* 18 U.S.C. § 3621(b). In 2005, the BOP enacted a new regulation requiring inmates to be placed in RRC/CCC for the "last ten percent of the prison sentence being served not to exceed six months" based upon a purported "categorical exercise of discretion." 28 C.F.R. §§ 570.20-21. Immediately prior to that time, CCC determinations were conducted in accordance with an OLC Opinion requiring that "pre-release CCC designations [be] limited in duration to the last 10% of an inmate's prison term to be served, not to exceed six month." *Id*. This 2005 regulation, and the preceding OLC Opinion, in turn spawned a wealth of federal litigation challenging their validity the ground that they were inconsistent with the plain meaning of 18 U.S.C. § 3621(b). In considering this issue, the court's of this District have concluded that the 2005 regulation is in fact invalid because it impermissibly contravenes the clear will of Congress to have the BOP consider the factors outlined in 18 U.S.C. § 3621(b) when making an inmate's RRC/CCC determination. *See Smith v. Gutierrez*, 2007 WL 2819535 (N.D.W.Va. Sept. 26, 2007), *Simcoke v. Phillips*, 2007 WL 2739540 (N.D.W.Va. Sept. 18, 2007), *Jaworski v. Gutierrez*, 509 F. Supp. 573 (N.D.W.Va. 2007), *Murdock v. Gutierrez*, 2007 WL 2193592 (N.D.W.Va. July 24, 2007). However, in doing so, the courts of this District have also concluded that a  RRC/CCC determination in conformity with 18 U.S.C.

§ 3621(b) is the appropriate remedy for an improper application of the 2005 BOP regulation. *Id*.

As properly noted by the Magistrate Judge, Article III of the United States Constitution limits the exercise of judicial power to those cases and controversies that can properly be considered ripe. *See Nat'l Park Hospitality Ass'n v. Dep't of Interrior*, 538 U.S. 803, 807 (2003). As such, courts should refuse to exercise jurisdiction where a case is dependant upon "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *Metzenbaum v. Fed. Energy Regulatory Comm'n*, 675 F.2d 1282, 1289-90 (C.A.D.C. 1982) (citations omitted). In expounding this doctrine, the United States Supreme Court has indicated that "[t]he problem is best seen in a two fold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967).

In addressing the case at bar, it is clear that petitioner's claim cannot survive this inquiry. Initially, the BOP has yet to conduct petitioner's CCC recommendation. In addition, other matters brought before this Court have made clear that the BOP is no longer pursing the rigid application of the 10% cap on recommendations for time spent in CCC within this District. Therefore, this issue of the validity of the 10% cap as applied to the petitioner is not fit for judicial decision. Furthermore, the Court notes the absence of hardship to the parties resulting from the Court's withholding of consideration. To be sure, the petitioner is free to resubmit his petition should he receive a CCC recommendation made in reliance on the invalidated 2005 BOP regulation. However, in light of the BOP's

recent treatment of other similarly situated inmates, the Court views that possibility as extremely unlikely.

For the foregoing reasons, and those more fully contained in the Report and Recommendation (Doc. 11), the Court hereby **ORDERS** as follows:

1.    That the **Magistrate Judge's Report and Recommendation (Doc. 11)** is **ADOPTED**; that

2.    **Respondent's Motion to Dismiss (Doc. 8)** is **GRANTED in PART**, with respect to the ripeness rationale, and **DENIED in PART**, with respect to the rationale predicated on the petitioner's failure to exhaust available administrative remedies; and that

3.    **The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED and DISMISSED WITHOUT PREJUDICE .**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated:  May 12, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE